**ROWNEY et v DIGNAN et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 13, 1936

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiffs.

Harrington, Huxley & Smith, Youngstown, for defendants.

## OPINION

By NICHOLS, J.

This cause comes into this court on appeal from the Common Pleas Court of Mahoning County, Ohio.

Plaintiffs are the owners of certain real estate in the city of Youngstown, and in the year 1922 they leased these premises to the defendant, M. J. Dignan, for the purpose of erecting thereon and operating a gasoline filling station. Shortly after the making of the lease the lessee erected upon the premises certain buildings, consisting

of greasing pits, a gasoline station and a garage. The lease was in writing, duly signed, witnessed, acknowledged and recorded, and among other provisions contained the following:

"It is mutually covenanted and agreed by and between said lessors and said lessee that as security for the rents and other charges to be paid and the covenants to be performed by said lessee, or assigns, a lien is hereby reserved upon the premises hereby leased, and any and all buildings, constructions, improvements, fixtures, mechanical apparatus, stock in trade and supplies, that may be placed thereon by said lessee, or assigns, and the interest of said lessee and assigns therein in favor of said lessors, their heirs, and assigns, prior and superior to all other liens whatsoever thereupon; that at the expiration of the term of this lease, by limitation or by surrender in manner provided above, said lessee may remove all buildings and trade fixtures of said lessee, provided said premises are restored to as good or better condition as the same now are and provided further all of said aforementioned rents and other charges shall be paid and covenants performed on the part of the lessee or his assigns to be performed."

Another covenant upon the part of the lessee was that he would not "assign this lease, nor underlet said premises, nor any part thereof, without the written consent of said lessors." After the execution of the lease the defendant, Sarah A. Dignan, loaned and advanced to the lessee large sums of money which were expended in the erection of the improvements upon the leased premises, four thousand dollars of this money being advanced before the lease was entered of record and much larger amounts were advanced subsequent to the entry of the lease for record, which was on the 23rd day of August, 1923.

To secure a note of M. J. Dignan to her for $20,000, representing moneys advanced by her prior to February 11, 1924, Sarah A. Dignan obtained from the lessee a "chattel" mortgage upon the gasoline pumps, air compressors, oil pumps and all other equipment or chattels in any way connected with or attached to said buildings or any additions thereto, and covering also the gasoline station building, grease rack building and grease racks located on the leased premises, this chattel mortgage being duly filed by her on February 11, 1924, at which time Sarah A. Dignan had actual knowledge of the lease. Sarah A. Dignan permitted this chattel mortgage to lapse and a new chattel mortgage was taken and filed July 29th, 1927. This second mortgage was permitted to lapse and a third chattel mortgage was filed January 2nd, 1931, to secure a note of even date with the mortgage, at which time there was pending in the Court of Common Pleas of Mahoning County an action to cancel the lease in question for the alleged reason that the lessee had violated his covenant not to assign or sublet the leased premises. In the action pending in the Common Pleas Court the leased premises were particularly described and although Sarah A. Dignan was not a party to this action for the cancellation of the lease, it is our conclusion that the doctrine of lis pendens applies so as to prevent Sarah A. Dignan from obtaining any interest in the leased premises during the pendency of the action.

In this action for cancellation of the lease a referee theretofore appointed by the court had filed his report previous to the date upon which Sarah A. Dignan's third chattel mortgage was filed in the Recorder's office, and this report of the referee was subsequently affirmed by the Common Pleas Court and the cause appealed to this Court of Appeals wherein on the 20th day of March, 1931, this court decreed the cancellation of the lease by reason of the breach thereof by the lessee in regard to assigning and subletting the premises; and in the journal entry of this court it was provided:

"Possession of said premises is hereby awarded to plaintiffs, and defendants are directed to forthwith surrender possession thereof, and in the event said defendants fail to surrender said possession within three days from the date hereon, that a writ of possession shall issue to the Sheriff of Mahoning County, Ohio, directing him to oust defendants from the possession of said premises."

A few days after the making of this entry by this Court of Appeals, the defendant, Sarah A. Dignan, entered upon the premises at two o'clock, or thereabout, in the morning and started to wreck and demolish the buildings located thereon, having previously entered into a contract with the defendant, David Weingarten, to dismantle and remove the gasoline station building and other improvements made by the lessee on said premises. Upon dis-

626

covering the attempt of Sarah A. Dignan, through and by David Weingarten, to dismantle and remove the improvements, the present action was brought by Thomas Rowney and Mary Rowney to enjoin the defendants from entering upon the premises or from dismantling and removing such improvements and from interfering with plaintiffs in their possession of the premises and improvements, and for other relief. The record does not disclose any property involved in this action other than the buildings and improvements erected upon the leased premises by the lessee.

In the action for the cancellation of the lease there was no claim made in the petition that the lessee was in default for payment of rent, but subsequent to the filing of the cancellation action a suit was brought by Thomas Rowney and Mary Rowney against M. J. Dignan, praying judgment for the value of the use and occupancy of the leased premises, and on the 4th day of May, 1932, Thomas Rowney and Mary Rowney recovered judgment against M. J. Dignan in the sum of $1600.00, with interest from February 19, 1931. As above stated, this judgment was not for rent under the lease but was for the amount found by the court to be due for use and occupancy of the premises after the action for the cancellation of the lease was filed. It seems apparent that the Rowneys would not sue for rent under the lease for the reason that the receipt by them of rent thereunder would have amounted to a waiver of the violation of the covenant against assigning and subletting the leased premises. It may for that reason be now said that the Rowneys are not entitled to a lien upon the leased premises to secure payment of this judgment for $1600, nor can it be said that this judgment has been satisfied or in any manner cancelled because of the fact that the Rowneys took possession of the leased premises and the improvements thereon pursuant to the former judgment of this court in the cancellation action.

In the present action the Rowneys prayed, in addition to injunctive relief, that their title to the premises in question be quieted and that they be awarded and found to have a lien upon the buildings and improvements placed upon these premises by M. J. Dignan and that such lien be foreclosed.

In her cross petition Sarah A. Dignan prayed for foreclosure of her chattel mortgage and for the right to enter upon the premises in question to possess and control the mortgaged property, and also prayed for damages against the Rowneys in the sum of $20,000 for converting the property to their own use and benefit, and that the Rowneys be compelled to account to her for rents, profits and benefits received from the premises after they took possession thereof.

In the present action Hiram G. Bye was by this court appointed referee to take the evidence and report his findings of fact and conclusions of law. The referee, after having heard the evidence, made his findings of fact and his conclusions of law to the effect that the plaintiffs are entitled to a decree as prayed for in their third amended petition; that the title to the premises and all constructions thereon should be quieted as against M. J. Dignan and Sarah A. Dignan; that neither of these parties has any interest in said property or constructions; that said injunction should be made permanent; that the answer and cross petition of Sarah A. Dignan to the amended petition (wherein she sought to obtain a lien by reason of her chattel mortgage) should be dismissed; that the amended answer of Mary A. Dignan, as guardian of M. J. Dignan (who had subsequently become mentally incompetent) should be dismissed; that the answer of David Weingarten should be dismissed; that plaintiffs should recover all their costs herein expended. Motion for a new trial was duly filed by the defendants, the same being overruled by the referee with exceptions to the defendants and the report of the referee was duly filed in this court. The cause is here upon motion of the plaintiffs and objection of the defendants to confirmation of the report of the referee.

It is the finding of this court that the former decree cancelling the lease in question terminated and cancelled all rights of M. J. Dignan and also Sarah A. Dignan in and to the leased premises and improvements thereon. Attention is called to the distinction between the cancellation of the lease according to the decree of the court and a situation wherein the lease may have been surrendered by the lessee with the consent of the lessors. In the case of a surrender by agreement of the parties, it is clear that such surrender would not operate so as to defeat interests acquired by third persons prior to the surrender, but Sarah A. Dignan having acquired her so-called chattel mortgage with full knowledge of the lease, must be held to take her chattel mortgage subject to the right of the lessors

to cancel the same for violation of the covenants of the lease on the part of the lessee. In this respect her rights could rise no higher than the rights of the lessee. The original lessee was not able to confer upon the mortgage holder any greater rights than he himself possessed as against the right of the lessor to cancel the lease for violation of its covenants, and ▮▮▮▮▮▮ the cancellation of the lease by its own terms as to one cancels it as to both. See 16 R.C.L. §661, p. 1140, and §680, p. 1160, and authorities there cited.

It is the further finding of this court that Thomas Rowney and Mary Rowney be decreed a permanent injunction against all of the defendants to this action; that the title of Thomas Rowney and Mary Rowney be quieted as against all said defendants, and that the plaintiffs have judgment against the defendants for the costs of this action; and the report of the referee as herein modified is approved and confirmed. Decree accordingly.

CARTER and ROBERTS, JJ, concur.